**IN THE COURT OF APPEALS OF IOWA**

No. 21-0429
Filed August 4, 2021

**IN THE INTEREST OF L.C. and N.W.,**
**Minor Children,**

**T.R., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

District Associate Judge.


        A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**


        Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant

mother.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

        Magdalena Reese of Juvenile Public Defender, Des Moines, attorney and

guardian ad litem for minor children.


        Considered by Doyle, P.J., Ahlers, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to her children.[1] She does not challenge the grounds for termination. She instead asks for more time under Iowa Code sections 232.104(2)(b) and 232.117(5) (2020), which allow the court to continue a child's placement for another six months.[2] We review her appeal de novo. *See A.S.*, 906 N.W.2d at 472.

To grant a parent more time, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). The juvenile court could not do so. The State removed the children in September 2019 due to the mother's drug use, and the mother completed inpatient treatment in March 2020. But the juvenile court found the mother has "done little to avail [herself] of services offered" since then, listing these shortcomings:

> no stable residence, instability in counseling, no consistent mental health plan and follow-through, as well as no stable substance abuse plan backed by a significant history of compliance, a record of missed appointments with service providers, and no significant and stable source[] of income or a realistic plan to earn income sufficient to support the[] children.

---

[1] The juvenile court also terminated the parental rights of the children's fathers in the same order. They do not appeal.

[2] As supporting legal authority for her argument, the mother cites Iowa Code section 232.116(3)(a), which states, "The court need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child." At the time of termination, the children were in the co-custody of their maternal grandfather. Assuming the mother has sufficiently raised an argument against terminating her parental rights under section 232.116(3)(a), we note this section is permissive rather than mandatory, *see In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018), and we reject this claim for the reasons stated below.

On this basis, the court found that "[t]he mother has done little to resolve the parenting issues presented, and what little she has done has been late in the case, with a minimal record of consistency and stability."

In arguing for more time, the mother highlights her successful completion of inpatient treatment but claims her ability to secure employment and housing was hindered by the COVID-19 pandemic. She argues she should be granted more time because she is now actively seeking both. But the record shows she had trouble engaging in services before the pandemic and failed to use them when they resumed in person.

We will not deprive children of permanency in the hope that "someday" a parent will change. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). Although the mother claims delaying permanency will not result in more harm to the children, our supreme court has noted that we must be mindful of the impact the passage of time has on the children when considering how much "patience" to afford a parent who attempts to remedy a lack of parenting skills. *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987). Ultimately, we resolve the tension between the two in favor of the children once the statutory time has passed because "patience with parents can soon translate into intolerable hardship for their children." *See id.* at 613-14. Although an extension of time may be appropriate in some cases, our supreme court has cautioned that "[t]he judge considering them should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* at 614.

We decline to grant the mother more time.  For eighteen months, the mother failed to take the necessary steps to address the reasons for the children's removal and adjudication as children in need of assistance.  We cannot find that another six months would change the picture.  *See id.* at 613 (stating that insight into the future can be gained from evidence of a parent's past performance).  We therefore affirm the termination of the mother's parental rights to these children.

**AFFIRMED.**